IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00128-KDB-DSC

| | |
|---|---|
| PEKIN INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. ONSRUD, INC.; ABT, INC.; AND INNOVATIVE COATINGS AND MATERIALS, L.L.C.,<br><br>Defendants. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Pekin Insurance Company's ("Pekin") Motion to Dismiss Defendant C.R. Onsrud, Inc.'s ("Onsrud") Counterclaim (Doc. No. 15) and Onsrud's Motion to Remand (Doc. No. 24). The Court has carefully considered these motions and the parties' briefs and exhibits in support of their respective positions. For the reasons discussed below, the Court will **DENY** both motions.

I.     LEGAL STANDARD

A case improperly removed from state to federal court must be remanded. 28 U.S.C. § 1447(c); *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 200 (4th Cir. 2008). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *See Mulcahey v. Columbia Organic Chemicals Co*., 29 F.3d 148 (4th Cir. 1994), citing, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). However, "[a] case originally filed in federal court cannot be remanded to state court," *Payne v. Merrill Lynch, Pierce, Fenner And Smith, Inc.*, 75 F. App'x 903, 906 (4th Cir. 2003), because "[f]ederal tribunals lack

1

authority to remand to the state court system an action initiated in federal court." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010).

With respect to actions originally filed in federal court, the Plaintiff bears the burden of proving that the court has subject-matter jurisdiction to hear the dispute. *See* Fed. R. Civ. P. 12(b)(1); *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is no presumption that a federal court has subject-matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

Plaintiff alleges that the Court has subject matter jurisdiction based on federal "diversity jurisdiction," 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil actions "between ... citizens of different States" where the amount in controversy exceeds $75,000. In most cases, the sum claimed by the plaintiff controls the "amount in controversy" determination. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id.* at 289; *see JTH Tax, Inc. v. Frashier*, 624 F.3d 635 (4th Cir. 2010). This standard places a "heavy burden" on a party seeking dismissal of a diversity action for lack of a sufficient amount in controversy. *JTH Tax*, 624 F.3d at 638. A defendant must show "the legal impossibility of recovery" to be "so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir.1981).

2

Courts generally determine the amount in controversy by reference to the plaintiff's complaint. *See Wiggins,* 644 F.2d at 1016 ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."). If the complaint in good faith alleges a sufficient amount in controversy, "[e]vents occurring subsequent" to the filing of the complaint "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury,* 303 U.S. at 289–90. In declaratory judgment actions, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1997). More specific to this case, in a declaratory judgment action where a party seeks to void a policy of insurance, "the amount in controversy is the face value of the policy." *Pa. Nat't Mut. Cas. Ins. Co. v. Jones*, 2012 U.S. Dist. LEXIS 135939 (W.D.N.C. Aug. 27, 2012) at * 6 n. 1 (citing 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure § 3710* (4th ed. 2011)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id*. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to

3

relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

Pekin seeks a declaratory judgment that it is entitled to rescission of a Commercial General Liability insurance policy (the "Policy") issued in March 2019 to Innovative Coatings and Materials, L.L.C. ("ICM") due to alleged material misrepresentations made in ICM's application for the insurance. Also, Pekin seeks a declaration that it may refuse to defend and indemnify ICM under the Policy and not be required to pay damages for any losses covered by the insurance, specifically including any claims for damages by Onsrud and Defendant ABT, Inc. ("ABT"), two North Carolina companies who were allegedly harmed by ICM's negligence. The Policy was effective at all times relevant to the parties' claims.

ABT contracted with ICM, an Iowa concrete and construction company, to perform exterior work in May 2019 on a number of large silo buildings at the ABT facility in Troutman, North Carolina, including sandblasting and spraying. ABT's Troutman facility is located next to Onsrud's business. It is alleged that, despite warnings and complaints from Onsrud, ICM and ABT did not take proper precautions to prevent overspray from the sandblasting and spraying, which damaged Onsrud's building and over one hundred vehicles in Onsrud's parking lot. Onsrud alleges that it has incurred $63,185.00 to clean its building and the vehicles which were damaged as a result of this alleged negligence.

These damages prompted claims against ICM and ABT (which allegedly also incurred damage as a result of ICM's negligent spraying), which in turn led to claims under the Policy and

ultimately to this declaratory action. In its Complaint, Pekin alleges that "an actual and continuing controversy exists among the parties to this action concerning the applicability of coverage under the policy of insurance issued to Innovative." More specifically as to Onsrud and ABT, Pekin alleges that they "are potential claimants against Innovative and any policy that may provide coverage for [Innovative's acts and/or omissions]" and seeks a declaration that Pekin does not have to pay any damages, judgment or settlement to Onsrud and ABT with respect to their claims against ICM.

In response to the Complaint, Onsrud filed a Counterclaim asking the Court to find that Onsrud is an innocent third party injured by the actions of ICM while the Policy was in effect, Pekin is not entitled to rescission of the Policy as it relates to Onsrud, and Pekin is liable to Onsrud under the Policy for the damages caused by ICM. All proceedings between the parties with respect to these claims have been in this Court. This matter has never previously been before the North Carolina Superior Court for Iredell County, the court to which Onsrud seeks a remand.

### III. DISCUSSION

#### A. Motion to Remand / Challenge to Subject Matter Jurisdiction

Onsrud moves to "remand" this action to the General Court of Justice, Superior Court Division, Iredell County pursuant to 28 U.S.C. § 1447 because its damages are less than $75,000, the jurisdictional minimum for federal diversity jurisdiction. *See* Doc. No. 24. This is a curious motion as it is currently pled. In a proper motion to remand, a party asks the Court to *return* a case to state court which has been improvidently removed to a federal court. However, this case has never been in state court so there is no removal for the Court to review nor is there any state court to which the case could be "remanded" or returned. *See Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013) ("[B]ecause this action was never filed in state court and removed to federal

court, it cannot be 'remanded' — only cases that have been removed from a given court can be remanded to that court."); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002) ("while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court.*"*) Therefore, it is not possible for the Court to remand this action to state court, and Onsrud's motion to remand will be denied.

While a federal court is not permitted to simply transfer a case from a federal to a state court,[1] Onsrud's substantive challenge to this Court's subject matter jurisdiction over this matter should still be considered. *See Levin*, 560 U.S. at 428; Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ballentine v. Robinson*, No. 315CV00496FDWDSC, 2016 WL 3095224 (W.D.N.C. June 1, 2016), *aff'd sub nom. Ballentine v. James B. Nutter & Co.*, 670 F. App'x 776 (4th Cir. 2016) ("[l]ack of subject matter jurisdiction may be raised at any time either by a litigant or the court."). When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The Court finds that Pekin has adequately pled in good faith a proper basis for federal diversity jurisdiction. *See* Doc. No. 1 at ¶¶ 7, 31. As noted above, in a declaratory judgment action where a party seeks to void a policy of insurance, the amount in controversy is the face value of the policy. Here, the "face value" of the Policy is an occurrence limit of $1,000,000.00 and a general aggregate limit of $2,000,000.00 – each well in excess of the amount in controversy requirement. *See* Doc. No. 1-3 at 7. Further, even without regard to the amount of the face value of the Policy, Pekin has alleged that, taken together, Onsrud's approximately $63,000 in damages

---

[1] A federal court may, of course, dismiss a case where there is a lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

plus ABT's damages are in excess of $75,000. *See* Doc. No. 1 at ¶ 31 ("…, the total damages that may arise out of the acts and/or omissions of Innovative is in excess of $75,000.00 …"); *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204 (4th Cir. 1979) (plaintiff may aggregate smaller claims to reach threshold). Accordingly, this Court has subject matter jurisdiction over this action based on Pekin's allegations in the Complaint, which also appear to be supported by the record at this stage of the proceedings.

    **B.    Motion to Dismiss**

Pekin has moved to dismiss Onsrud's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) for an alleged "lack of standing." *See* Doc. No. 15-1 at 2. This is an equally puzzling motion. Having itself brought Onsrud into this action as a named defendant and specifically alleged that the company is a "potential claimant[] against Innovative and any policy that may provide coverage for it," *see* Doc. No. 1 at ¶ 31, Pekin cannot now assert that Onsrud has no interest or "standing" to challenge whether the Policy is in force and provides coverage for Onsrud's claims.[2] Indeed, Onsrud's Counterclaim against Pekin is fairly read as a mirror image of Pekin's Complaint against Onsrud, alleging that ICM's Pekin insurance policy was in effect at the time Onsrud was damaged, Pekin is not entitled to rescission and Pekin is liable to Onsrud for damages. *See* Doc. No. 6 at ¶¶ 36-39.

Rather than directly address Onsrud's alleged lack of standing per se, Pekin instead argues the merits of its claim that it is entitled to rescission of the Policy based on ICM's alleged material

---

[2] Pekin's request for declaratory relief asking the Court to enter a judgment declaring Pekin has "… no duty to pay any damages; no duty to pay any judgment; and no duty to pay any settlement that may be rendered or reached against Innovative or any other person or entity in connection with Innovative's May 2019 spray painting services, including to Onsrud and/or ABT" further emphasizes Pekin's allegation of Onsrud's direct interest in the litigation.

7

Case 5:19-cv-00128-KDB-DSC   Document 35   Filed 05/11/20   Page 7 of 9

misstatements. However, these allegations have been directly denied by Onsrud, and the Court may not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" in a motion to dismiss under Rule 12(b)(6).[3] *Republican Party v. Martin*, 980 F.2d at 952. Further, as to Pekin's discussion of the merits, it is apparent that there may be numerous disputes regarding Pekin's allegations, including, but not limited to, (1) whether the statements made by ICM in its insurance application were misstatements at the time they were made, (2) whether the statements were material in light of the fact that Pekin proceeded to specifically provide GCL coverage to ICM throughout the entire United States and did not otherwise limit the nature of ICM's covered activities in the Policy and (3) whether given Pekin's ability to easily exclude from coverage the activities it claims were misrepresented (without an allegation of fraud being made) Onsrud is entitled to avoid the effect of rescission as an innocent third party with a claim against ICM's insurance in force at the time of its damages.

In sum, although the Court expresses no view as to what will be the ultimate merits of the parties' positions once the parties have had an opportunity to pursue discovery and present the case for trial, it is clear that Pekin is not entitled to dismissal of Onsrud's Counterclaim for lack of standing or otherwise under Rule 12(b)(6).

---

[3] Indeed, genuinely *disputed* issues of material fact cannot even be resolved at Summary Judgment under Rule 56 but must instead be resolved at trial.

8

Case 5:19-cv-00128-KDB-DSC    Document 35    Filed 05/11/20    Page 8 of 9

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Pekin's Motion to Dismiss Onsrud's Counterclaim (Doc. No. 15) is **DENIED;**

2. Onsrud's Motion to Remand (Doc. No. 24) is **DENIED;** and

3. This case shall **proceed to discovery and further proceedings on the merits of the parties' claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 10, 2020

Kenneth D. Bell
United States District Judge