IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:19-CV-00128

| | |
|---|---|
| PEKIN INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON DEFENDANT C. R.** |
| v. ) | **ONSRUD, INC.'S MOTION FOR** |
| ) | **DEFAULT JUDGMENT AS TO** |
| INNOVATIVE COATINGS AND ) | **INNOVATIVE COATINGS AND** |
| MATERIALS, L.L.C.; ABT, INC.; ) | **MATERIALS, L.L.C.** |
| AND C.R. ONSRUD, INC., ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Defendant C.R. Onsrud, Inc.'s ("Onsrud") Motion for Default Judgment (Doc. No. 61). The Court has carefully considered this Motion, Onsrud's brief in support of its position, and the Stipulation (Doc. No. 56) filed by the parties. For the reasons discussed below, the Court will GRANT Onsrud's Motion.

**I.    LEGAL STANDARD**

Onsrud moves for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. Because its claims do not seek a sum certain, in order for the judgment to be granted Onsrud's Answer, Counterclaim and Cross-claim (Doc. No. 6) must include "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 167 L.Ed.2d 929, 940 (2007). The claims must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 173 L.E.2d 868, 884 (2009) (quotations omitted).

When considering a motion for default judgment, the Court accepts all well-pled factual allegations. *See Erickson v. Pardus* 551 U.S. 89, 94 (2007). "[T]he general rule is that 'facts alleged by the plaintiff are deemed admitted' while 'plaintiff's conclusions of law are not deemed established.'" *Synergy Fin. LLC v. Zarro*, 2005 U.S. Dist. LEXIS 55646 at * 17 (W.D.N.C., Oct. 18, 2005) (citing 10 Moore's Federal Practice § 55.12(1) (3d ed. 1999)). "A federal court exercising diversity jurisdiction is obligated to apply the substantive law of the state in which it sits, including the state's choice of law rules." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581 (4th Cir. 2004) (citing *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 79 (1938)).

## II. FACTS AND PROCEDURAL HISTORY

On or around January 30, 2019, ICM submitted a bid to ABT for spray painting services to four commercial silos at the ABT plant in Troutman, North Carolina, to occur in May 2019 (the "Work"). During the Work, approximately one hundred and seventeen (117) vehicles owned by employees of Onsrud (Onsrud' facility adjoins ABT's facility), together with the Onsrud facility, were damaged with overspray painting. As a result of the overspray damage, Onsrud engaged the services of The Auto Salon, LLC to clean the affected vehicles, and paid damages to mitigate the damage to its employees' vehicles.

Based upon the foregoing, Plaintiff Pekin Insurance Company ("Pekin") filed its Complaint and sought a declaratory judgment. In turn, by cross-claims and/or

2

counterclaims Onsrud sought damages and ABT sought indemnification. ICM failed to answer either Pekin's Complaint, ABT's Amended Crossclaim or Onsrud's Counterclaim and Cross-Claim. All parties moved for, and were granted default as to ICM. Motions for Default Judgment were granted for Pekin and ABT under Fed. R. Civ. P. 55(b) (Doc. No. 58), and Onsrud, the remaining appearing Defendant, now moves for default judgment (Doc. No. 61). ICM has failed to respond to Onsrud's motion, which was filed on January 26, 2021. Therefore, this motion is ripe for the Court's determination.

### III. DISCUSSION

#### A. ONSRUD'S CLAIM FOR DAMAGES.

Pursuant to Federal Rule of Civil Procedure 55(b), Onsrud seeks the relief sought in its Crossclaim, including: (a) Judgment in the amount of $20,685.00 ($63,185.00 less $42,500.00 paid to Onsrud by Pekin and ABT) against ICM for negligence as a direct and proximate result of ICM's overspray; (b) Recovery from ICM of all costs, interest, and attorneys' fees allowed by law; and (c) Such other and further relief as this Court may deem just and proper.

ICM breached its duty to Onsrud when it caused the overspray damage to Onsrud's employee's vehicles and other damage, which was a foreseeable consequence of its negligent performance of the Work. As a result of ICM's negligence, Onsrud suffered damages to its employees' vehicles, for which it paid to mitigate damages, and otherwise. Therefore, the Court finds that default judgment in Onsrud's favor on its claims for damages is proper.

3

## IV. ORDER

NOW THEREFORE IT IS ORDERED THAT:

1. Onsrud's Motion for Default Judgment (Doc. No. 61) is GRANTED;

2. Default Judgment is entered in favor of Onsrud against Defendant Innovative Coatings & Materials, L.L.C. in the amount of $20,685.00; and

3. Onsrud recover its costs as the prevailing party in this action[1]

Signed: February 19, 2021

Kenneth D. Bell
United States District Judge

---

[1] While Onsrud seeks interest and attorneys fees in its motion to the extent "allowed by law," it has sought no specific amount of recovery as to these items nor has it offered any evidence in support of its entitlement to fees or the applicable pre-judgment interest rate. Accordingly, the Court will not award this relief.